Opinion of the Court, by
Judge Owsley.
THIS was a suit in chancery, brought by the appellants, in the court below, for the purpose of compelling a partition of a ten thousand acre tract of land, entered in the name of Benjamin Johnson, deceased, and to obtain a conveyance for the one sixth part thereof, which is claimed by them in right of Mrs. Barbour, as one of the heirs of the said deceased Benjamin. Upon a hearing, that court, being of opinion Benjamin Johnson, by his agent, Robert Johnson, had, in his lifetime, disposed of the land to the appellee, Lewis Craig, refused to compel a partition of the land, but gave a decree ordering Craig to pay the appellants what was supposed to be Mrs. Barbour’s proportion of the purchase money; and from that decree they have appealed to this court.
We think it perfectly clear the appellants have not shown themselves entitled to a decree for the land. There can be no question, but that Robert Johnson sold to Craig the entire interest in the ten thousand acre entry; and although Benjamin Johnson was no party to that contract, the proof incontestably shows a subsequent acquiescence and confirmation by him.
That this sale should repel the appellants’ right to a decree for the land, is equally clear; for although Craig appears not to have paid all the purchase money, yet as by the contract with Johnson, he was only to pay by the acre for so much as the ten thousand acre entry ought to hold against adverse claims; and as the validity of the entry also appears to have been contested by a suit of considerable duration, and which in fact was *214 not ultimately determined, but a short time before the commencement of the present suit; the failure to pay the full price, under these circumstances, ought not, in a court of equity, to preclude Craig from resisting the appellants’ claim, derived through the intestate, Benjamin Johnson.
With respect to the amount Craig should pay, we do not suppose it necessary or proper, in the present case, to enquire; for as the bill is not framed with an aspect to a specific execution of the contract of sale, it might be a question, whether, under any circumstances, a decree to that effect ought to be made; but as, by the death of Johnson, the right to recover the purchase money accrued, strictly speaking, to his administrator, and not to his heir, in a suit for the money, it is plain the administrator ought to be a party. As, therefore, the administrator of Benjamin Johnson is not a party in this cause, and the bill does not appear to have been framed for the purpose of enforcing an execution of the contract of sale to Craig, the court, upon no principle, can so consider it; and consequently, the appellants have no cause to complain of the decree, on account of the amount not being so great as it ought to have been in a suit brought for the specific execution of the contract.
The decree cannot, at the instance of the appellants, therefore, be set aside. It must be affirmed with costs.